UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5967 PA (PLAx) | Date | August 31, 2022 |
|---|---|---|---|
| Title | Alliance of Los Angeles County Parents v. County of Los Angeles Department of Public Health et al | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|
| Kamilla Sali-Suleyman (video) | Katie Thebodeaux (video) |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Julie Hamill (video) | Kent Raygor (video) |

**Proceedings:**   STATUS CONFERENCE by ZOOM

Plaintiff Alliance of Los Angeles County Parents ("Plaintiff") voluntarily dismissed its sixth claim, under 42 U.S.C. § 1983, alleging the violation of Plaintiff's members' rights under the United States Constitution.

As a result of Plaintiff having voluntarily dismissed the sixth claim, the Court dismisses that claim without prejudice. The Court has only supplemental jurisdiction over Plaintiff's remaining state law claims under 28 U.S.C. § 1367(a). Once supplemental jurisdiction has been established under § 1367(a), a district court "may" decline to exercise it under § 1367(c). See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." (alteration in original) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988))); Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all the claims over which it has original jurisdiction.") (citing 28 U.S.C. § 1367(c)(3)). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Having dismissed the sole federal claim over which it had original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. See 28 U.S.C. § 1367(c)(3). The Court further exercises its discretion to remand the action. See Destfino v. Reiswig, 630 F.3d 952, 958 (9th Cir. 2011); United Nat. Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1111 (9th Cir. 2001); Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991) ("[A] district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining."). The Court remands this action to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-5967 PA (PLAx) | Date | August 31, 2022 |
|---|---|---|---|
| Title | Alliance of Los Angeles County Parents v. County of Los Angeles Department of Public Health et al | | |

Los Angeles County Superior Court, Case No. 22STCP02772. The Court cautions Plaintiff that if it attempts to reassert the federal claim in the state court proceedings, defendants may again remove the action to this Court.

    IT IS SO ORDERED.

|  | : | 09 |
|---|---|---|
| Initials of Preparer | | kss |